IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WOLF,<br><br>      Plaintiff,<br><br>    v.<br><br>MASON-MCDUFFIE REAL ESTATE, INC., et al.,<br><br>      Defendants. | Case No. 22-cv-00627-MMC<br><br>**ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS; AFFORDING COUNTERCLAIMANTS LEAVE TO AMEND; VACATING HEARING**<br><br>Re: Doc. Nos. 27, 31, 34 |

Before the Court is counter-defendant Robert J. Wolf's ("Wolf") motion, filed June 3, 2022, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, each of the causes of action asserted in counterclaimants Edmond Krafchow ("E. Krafchow"), Kathy Krafchow ("K. Krafchow"), and Mason-McDuffie Real Estate, Inc.'s ("MMRE") Counterclaim. Counterclaimants have filed opposition, to which Wolf has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 8, 2022, and rules as follows.

### BACKGROUND[1]

In 2010, MMRE, "a corporation focused [on] providing residential real estate brokerage services" (see Counterclaim ¶ 1), became a franchisee of Better Homes and Gardens Real Estate, LLC ("BHGRE") (see id. ¶ 11). "During the course of the franchise relationship[,] BHGRE loaned substantial sums to MMRE," which loans were "personally

---

[1] The following facts are taken from the allegations in the Counterclaim.

guaranteed by" E. Krafchow, an "officer and director" of MMRE. (See id. ¶¶ 2, 11.)[2]

From 2015 to 2016, Wolf served as MMRE's Chief Financial Officer ("CFO") and, from 2016 to 2017, as its Chief Executive Officer ("CEO"). (See id. ¶¶ 8-9.) During his tenure as CEO, Wolf "made no effort to service the debt to BHGRE until MMRE was in default and BHGRE refused to extend the maturity date" of the debt. (See id. ¶ 12.) "In an effort to mitigate the default," Wolf and E. Krafchow loaned MMRE $627,000 and $330,000, respectively. (See id.) Said loans were "insufficient to cure the default," however, and BHGRE "required the sale of MMRE assets in order to raise capital to repay" the debt. (See id. ¶¶ 13-14.)[3]

On October 26, 2017, after Wolf had sold MMRE's assets and wound up its affairs, BHGRE "rewarded Wolf with a $950,000 loan," which Wolf used to "purchase[] MMRE's . . . 51% interest in . . . a . . . profitable real estate brokerage office known as Mason McDuffie Highland Partners" (see id. ¶ 17 (internal quotation omitted)), and, at some point, BHGRE "forgave Wolf from repayment of all or a portion of" the $950,000 (see id. ¶ 18).

Based on the above allegations, counterclaimants, on March 22, 2022, filed their Counterclaim, in which they assert the following seven causes of action: (1) "Breach of Contract"; (2) "Breach of Implied Covenant of Good Faith and Fair Dealing"; (3) "Breach of Fiduciary Duty"; (4) "Intentional Interference with Prospective Economic Advantage" ("IIPEA"); (5) "Negligent Interference with Prospective Economic Advantage" ("NIPEA"); (6) "Intentional Misrepresentation"; and (7) "Negligent Misrepresentation."

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

---

[2] K. Krafchow is the wife of E. Krafchow. (See id. ¶ 3.)

[3] When the debt was "significantly reduced," BHGRE "released . . . [E.] Krafchow from his personal guarantee obligation." (See id. ¶ 16.)

under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

By the instant motion, Wolf contends the Counterclaim is subject to dismissal as time-barred.

There is no dispute that each of counterclaimants' causes of action has a statute of limitations of four years or less. See Cal. Code Civ. P. § 337(a) (setting forth four-year statute of limitations for breach of written contract claims); Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1144 n.4 (1990) (noting four-year statute of limitations applies to breach of implied covenant claims based on contract); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1479 (2014) (noting three- and four-year statutes of limitations apply to breach of fiduciary claims based on fraudulent and non-fraudulent

3

breach, respectively); Augusta v. United Serv. Auto. Ass'n, 13 Cal. App. 4th 4, 8 (1993) (noting two-year statute of limitations applies to IIPEA and NIPEA claims); W. Shield Investigations & Sec. Consultants v. Superior Court, 82 Cal. App. 4th 935, 955 (2000) (noting three-year statute of limitations applies to intentional misrepresentation claims); Ventura Cnty. Nat'l Bank v. Macker, 49 Cal. App. 4th 1528, 1531 (1996) (noting two-year statute of limitations applies to negligent misrepresentation claims). The parties disagree, however, as to when the statute of limitations for each cause of action began to run.

"Generally, in both tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action." Brisbane Lodging, L.P. v. Webcor Builders, Inc., 216 Cal. App. 4th 1249, 1257 (2013) (internal quotation and citation omitted). Where, as here, "the last element of the cause[s] of action . . . is damage, the statute of limitations begins to run on the occurrence of appreciable and actual harm, however uncertain in amount, that consists of more than nominal damages." See S.F. Unified Sch. Dist. v. W.R. Grace & Co., 37 Cal. App. 4th 1318, 1326 (1995) (internal quotation and citation omitted); see also Roberts v. L.A. Cnty. Bar Ass'n, 105 Cal. App. 4th 604, 617 (2003) (noting damage is element of breach of contract claim); City of Vista v. Robert Thomas Secs., Inc., 84 Cal. App. 4th 882, 886 (2000) (noting damage is element of breach of implied covenants of good faith and fair dealing, breach of fiduciary duty, intentional misrepresentation, and negligent misrepresentation claims); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003) (noting damage is element of IIPEA claim); N. Am. Chem. Co. v. Superior Court, 59 Cal. App. 4th 764, 786 (1997) (noting damage is element of NIPEA claim).

Here, counterclaimants first argue they did not suffer actual or appreciable harm until January 31, 2022, when Wolf filed a breach of contract action "seeking to hold [them] financially responsible" for repayment of the loan he made to MMRE. (See Opp. at 2:15-17-20, 7:24-28.) As Wolf points out, however, counterclaimants allege Wolf's misconduct caused them harm in the form of, inter alia, "the devaluation and ultimate loss

4

of MMRE as a profitable business" (see Counterclaim ¶¶ 28, 36; see also id. ¶¶ 42, 53-55, 68, 80) and the loss of "financial benefits" they expected to receive from MMRE (see id. ¶¶ 50, 57; see also id. ¶¶ 47-48, 53), which harm occurred no later than October 2017, when MMRE ceased operating and "wound up its business affairs" (see Mot. at 5:16-18; see also Counterclaim ¶ 17).  Consequently, the Court finds the causes of action asserted in the Counterclaim accrued no later than October 2017, more than four years before the Counterclaim was filed.

Counterclaimants next argue they are entitled to rely on the "discovery rule" as an exception to the standard rule of accrual.  The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2000).  "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements."  Id. (internal quotation and citation omitted).  Further, where, as here, a pleading "shows on its face that [a] claim would be barred without the benefit of the discovery rule," the party invoking the discovery rule "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  See id. at 808 (internal quotation and citation omitted) (holding party invoking discovery rule has "burden . . . to show diligence"; noting "conclusory allegations" do not suffice).

Here, the Court finds counterclaimants have failed to plead facts sufficient to support a theory of delayed discovery.  First, although, in their opposition, counterclaimants state they did not discover or have "reason to suspect" the factual basis for their causes of action until Wolf filed his breach of contract claim on January 31, 2022 (see Opp. at 9:22-25), no such allegation, let alone facts in support thereof, are included in the Counterclaim.  Second, although counterclaimants allege MMRE and E. Krafchow "relied" on "misrepresentations" when appointing Wolf as CFO and CEO (see Counterclaim ¶¶ 61, 62) and point out his status as a fiduciary (see id. ¶ 41), they have not alleged facts to support a finding that they acted with "reasonable diligence," i.e., that

they "could not have reasonably discovered facts supporting the[ir] cause[s] of action within the applicable statute of limitations period[s]," see Fox, 35 Cal. 4th at 809 (finding discovery rule insufficiently pled where complaint lacked "specific facts supporting" allegation that "there was no way through which [plaintiff's] reasonable diligence would have revealed, or through which she would have suspected," the factual basis for her claims); see also Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1109 (1988) (noting, under discovery rule, "plaintiff is held to . . . actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to [plaintiff]").

Accordingly, each of the causes of action asserted in the Counterclaim is subject to dismissal as time-barred. The Court will, however, afford counterclaimants leave to amend. See Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990) (holding, in dismissing pleading for failure to state a claim, court should ordinarily give leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts").

## CONCLUSION

For the reasons stated above, Wolf's motion to dismiss is hereby GRANTED, and the Counterclaim is hereby DISMISSED. Should counterclaimants wish to file an amended counterclaim, they shall file it no later than July 18, 2022.

**IT IS SO ORDERED.**

Dated: June 29, 2022

MAXINE M. CHESNEY
United States District Judge