IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WOLF,<br><br>    Plaintiff,<br><br>    v.<br><br>MASON-MCDUFFIE REAL ESTATE, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00627-MMC<br><br>**ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM; DISMISSING FIRST AMENDED COUNTERCLAIM WITHOUT FURTHER LEAVE TO AMEND; VACATING HEARING** |

Before the Court is counter-defendant Robert J. Wolf's ("Wolf") Motion, filed August 8, 2022, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "to Dismiss First Amended Counterclaims ["FACC"] Filed by Counterclaimants." Counterclaimants Edmond Krafchow, Kathy Krafchow (collectively, the "Krafchows"), and Mason-McDuffie Real Estate, Inc. ("MMRE") have filed opposition, to which Wolf has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 16, 2022, and rules as follows.

On March 22, 2022, counterclaimants filed their initial Counterclaim, in which they asserted the following seven causes of action: (1) "Breach of Contract"; (2) "Breach of Implied Covenant of Good Faith and Fair Dealing"; (3) "Breach of Fiduciary Duty"; (4) "Intentional Interference with Prospective Economic Advantage"; (5) "Negligent Interference with Prospective Economic Advantage"; (6) "Intentional Misrepresentation"; and (7) "Negligent Misrepresentation."

By order filed June 29, 2022, the Court, upon motion by Wolf, dismissed the initial

Counterclaim as time-barred. Specifically, the Court found each of the causes of action asserted therein had "accrued no later than October 2017, more than four years before the Counterclaim was filed" (see Doc. No. 35 (hereinafter, "June 29 Order") at 5:5-7), and that counterclaimants had failed to plead facts sufficient to show they were "entitled to rely on the 'discovery rule' as an exception to the standard rule of accrual" (see id. at 5:8-9, 20-21).

On July 18, 2022, counterclaimants filed their FACC, reasserting their causes of action for "Breach of Contract," "Breach of Fiduciary Duty," "Intentional Misrepresentation," and "Negligent Misrepresentation."

In the instant motion, Wolf contends the FACC is, again, subject to dismissal as time-barred. As set forth below, the Court agrees.

As noted in the Court's June 29 Order, there is no dispute that each of counterclaimants' causes of action has a statute of limitations of four years or less. See See Cal. Code Civ. P. § 337(a) (setting forth four-year statute of limitations for breach of written contract claims); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1479 (2014) (noting three- and four-year statutes of limitations apply to breach of fiduciary claims based on fraudulent and non-fraudulent breach, respectively); W. Shield Investigations & Sec. Consultants v. Superior Court, 82 Cal. App. 4th 935, 955 (2000) (noting three-year statute of limitations applies to intentional misrepresentation claims); Ventura Cnty. Nat'l Bank v. Macker, 49 Cal. App. 4th 1528, 1531 (1996) (noting two-year statute of limitations applies to negligent misrepresentation claims).

"Generally, in both tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action." Brisbane Lodging, L.P. v. Webcor Builders, Inc., 216 Cal. App. 4th 1249, 1257 (2013) (internal quotation and citation omitted). Where, as here, "the last element of the cause[s] of action . . . is damage, the statute of limitations begins to run on the occurrence of appreciable and actual harm, however uncertain in amount, that consists of more than nominal damages." See S.F. Unified Sch. Dist. v. W.R. Grace & Co., 37 Cal. App. 4th

2

1318, 1326 (1995) (internal quotation and citation omitted); see also Roberts v. L.A. Cnty. Bar Ass'n, 105 Cal. App. 4th 604, 617 (2003) (noting damage is element of breach of contract claim); City of Vista v. Robert Thomas Secs., Inc., 84 Cal. App. 4th 882, 886 (2000) (noting damage is element of breach of fiduciary duty, intentional misrepresentation, and negligent misrepresentation claims).

    Here, all of the causes of action asserted in the FACC are predicated on alleged acts of misfeasance and/or malfeasance committed by Wolf while serving as the Chief Financial Officer ("CFO") and, later, the Chief Executive Officer ("CEO"), of MMRE (see, e.g., FACC ¶¶ 9-11, 38-40, 43-45, 48-55, 60-63, 77-80), which acts, in October 2017, "ultimately [resulted in] the loss of the MMRE business" and "the economic detriment of [c]ounterclaimants" (see FACC ¶¶ 30, 33, 72).[1] Consequently, counterclaimants' causes of action accrued no later than October 2017, more than four years before the initial Counterclaim was filed.

    In response to the instant motion, counterclaimants again argue they are entitled to rely on the discovery rule as an exception to the standard rule of accrual. As noted in the Court's June 29 Order, the discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action," i.e., "until the plaintiff has, or should have, inquiry notice of the cause of action." See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." Id. (internal quotation and citation omitted). Where, as here, a pleading

---

[1] To the extent counterclaimants argue they did not incur damage until "Wolf filed his Complaint on January 31, 2022[,] . . . s[eeking], for the first time, to hold [c]ounterclaimants personally liable for the debts of MMRE" (see Opp. at 2:20-23; see also FACC ¶¶ 47, 58, 73, 91), such allegations, as Wolf points out, do not amount to causes of action giving rise to affirmative relief, but, rather, are an "affirmative defense" to the alter ego theory alleged against the Krafchows in Wolf's Complaint (see Mot. at 1:17-18; see also 3 Moore's Federal Practice - Civil § 13.90[1] (2022) (noting "counterclaims are affirmative claims for relief" that "survive[] a plaintiff's voluntary dismissal," whereas "affirmative defense[s] merely limit[] or defeat[] the plaintiff's recovery, and ha[ve] no independent operation if the plaintiff elects to voluntarily dismiss [his] claims").

3

"shows on its face that [a] claim would be barred without the benefit of the discovery rule," the party invoking the discovery rule bears the burden to "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  See id. at 808 (emphasis in original) (internal quotation and citation omitted).

Here, counterclaimants allege that, "[p]rior to the filing of [Wolf's] Complaint on January 31, 2022, [they] received no notice or information . . . that would have alerted them" of Wolf's misconduct.  (See FACC ¶ 17.)  Contrary to such allegation, however, counterclaimants, by October 2017, knew that MMRE had failed financially (see FACC ¶¶ 23-24, 28, 30, 33 (alleging that in October 2017, MMRE, having defaulted on $6,000,000 loan from its franchisor, sold off "substantially all" of its assets and "wound up" its business)), that Wolf, as the CEO, was responsible for "oversee[ing] the entire operation of MMRE as a valid and profitable business" (see FACC ¶ 38), and that "[c]ounterclaimants had access to the corporate records of MMRE" (see FACC ¶ 19). Consequently, the Court finds counterclaimants, no later than October 2017, had "information of circumstances to put them on inquiry" notice of their causes of action, as well as "the opportunity to obtain knowledge from sources open to their investigation." See Fox, 35 Cal. 4th at 807-08 (internal quotation, citation, and alteration omitted); see also Casualty Ins. Co. v. Rees Inv. Co., 14 Cal. App. 3d 716, 720 (1971) (noting, for purposes of discovery rule, "sources open to [plaintiff's] investigation" include "public records" and "corporation books").[2]

---

[2] The cases cited by counterclaimants are distinguishable on their facts, in that, in each instance, the party relying on the discovery rule had no reason to suspect or opportunity to discover the factual basis for their claims.  See April Enters., Inc. v. KTTV, 147 Cal. App. 3d 805, 827 (1983) (finding discovery rule adequately pleaded where alleged "wrongful act . . . consisted of destruction of videotapes . . . in [defendants'] exclusive custody and control"); Fox, 35 Cal. 4th at 803, 811 (finding discovery rule adequately pleaded where plaintiff alleged that, prior to deposition of surgeon, plaintiff "could not, with reasonable investigation, have discovered . . . the medical device" used during surgical procedure "might have caused her injury"); Gryczman v. 4550 Pico Partners, Ltd., 107 Cal. App. 4th 1, 3, 6 (2003) (finding discovery rule adequately pleaded where defendant "conveyed certain real property to a second defendant[] . . . without affording [plaintiff] notice and opportunity to exercise his right of first refusal as required

4

Accordingly, counterclaimants' FACC is subject to dismissal as time-barred.

## CONCLUSION

For the reasons stated above, Wolf's motion to dismiss is hereby GRANTED, and counterclaimants' FACC is hereby DISMISSED without further leave to amend.[3]

**IT IS SO ORDERED.**

Dated: September 9, 2022

MAXINE M. CHESNEY
United States District Judge

---

by . . . contract"; noting "the act causing the injury would have been 'difficult for the plaintiff to detect' because[] . . . the failure to give plaintiff notice of the happening of [the] . . . event [was] both the act causing the injury and the act . . . caus[ing] plaintiff not to discovery the injury"); Parsons v. Tickner, 31 Cal. App. 4th 1513, 1519, 1527 (1995) (finding discovery rule adequately pleaded where plaintiff alleged she "was not in possession of any 'books of the company' or other sources that would have reasonably revealed" that defendants, who "masquerade[d] as producers and owners" of copyrighted songs, had wrongfully converted those songs); Moreno v. Sanchez, 106 Cal. App. 4th 1415, 1428-29 (2003) (holding "causes of action for breach of a home inspector's duty of care should accrue in all cases, not on the date of the inspection, but when the homeowner discovers, or with the exercise of reasonable diligence should have discovered, the inspector's breach"; noting "potential homeowner may not see or recognize a home inspector's negligence" due to the "hidden nature" of a "residence's structural and component parts").

[3] To the extent Wolf seeks an award of "reasonable attorneys' fees and costs" (see Mot. at 5:13-14), such request is premature and must be made by motion in accordance with the Federal Rules of Civil Procedure and the Civil Local Rules of this district, see Fed. R. Civ. P. 54(d)(2); Civil L.R. 54-5.